Froessel, J. (dissenting).
I dissent and vote to affirm. Defendant was indicted for kidnapping, robbery first degree, grand larceny first degree, assault second degree (two counts), sodomy first degree, criminally possessing a pistol, burglary third degree, and petit larceny. Prior to his arraignment, the trial court ordered a mental examination pursuant to section 658 of the Code of Criminal Procedure. The two qualified psychiatrists reported that while defendant was in need of psychiatric care, he was “ not in such a state of insanity as to be unable to understand the charges or to make his defense ”.
As required by section 662-a of the Code of Criminal Procedure, a copy of said report was served upon defendant’s *953 counsel, who did not avail himself of the opportunity afforded by said statute to controvert the psychiatrists’ findings. Thereafter, defendant entered a plea of guilty to robbery first degree, said plea to cover all the charges, and he was duly sentenced.
I agree with Judge 0’Gorman that the allegations of the petition do not raise a triable issue with respect to the condition of mind of defendant at the time of pleading and sentence, as attested to by the certificate of the examining psychiatrists, whose report was before the court and in the hands of defense counsel. Defendant’s sanity was then passed upon, and, as was said in People v. Riera (11 N Y 2d 802, 803), “ 1 The court was aware at all times of the mental condition of this defendant and said condition was a matter of record which could have been the basis for an appeal ’ ”. Nothing has occurred in the meantime, except that he was later transferred to a State hospital for care and treatment, which was precisely the recommendation made by the qualified psychiatrists, who found him legally sane.
By ordering a hearing, we are authorizing the trial court to reverse his, or another Judge’s, findings because of hospitalization subsequent to the plea and sentence—the very treatment recommended by the qualified psychiatrists.
Order reversed, etc.